## No. 7.

UNITED STATES *against* JACOB DAVY ET AL. *Rutland*, 1820.

THE United States can maintain an action of debt, upon *contract*, in the Courts of this State.

THIS was an action of debt, on bond given to secure the payment of internal duties.

*Plea*—To the jurisdisdiction of the County Court, where the suit was commenced. Demurrer.

For the defendant, it was contended, that the County Courts of the State of Vermont, have no jurisdiction in such cases as this, for that the Act of Congress, giving them jurisdiction is unconstitutional and void.

All causes, arising from the existence of the United States as a government, must be exclusively under the jurisdiction of the United State's Courts. The debts due to the United States are of this nature and the State Courts cannot have concurrent jurisdiction.

By the Constitution of the United States, a Court of the United States can be erected by the Legislature of the general government, but the Judges can be appointed *only* by the President and Senate ; by this Act the power of appointing Judges, who have jurisdiction in certain causes of the United States, is given to the Legislature of this State ; this is an evasion of the Constitution : if Congress can *give jurisdiction to* the State Courts in one case, they can in all. Congress are bound to erect Courts for the administration of Justice, to be filled by the President and Senate, and cannot erect *State* Courts into *United States'* Courts. The officers of this State are not accountable to, and the Judges of the State Courts cannot be impeached by, the United States.

In case of a Jury trial, what oath is to be administered ? By our oath the Jury are to decide according to the laws of this State ; but, in this case, they ought to decide according to the laws of the United States. Cited, Constitution of the United States, Article 3, Section 1 and 2. 1 Statute 17. Mentioned,

a case before the Supreme Court of Maryland, published in Niles' Register, of April, 1817.  1 Wheaton's Rep. 334, 381.

*Contra.*  This is an action of *debt*, and the Court having jurisdiction over the subject matter, are to consider the United States as a person, in law, who can maintain this action.

The object of the Judicial power of the United States, in civil cases, is to take cognizance of such cases, where, by reason of the independent sovereignty of the States, no remedy could be applied, as between citizens of different States ; giving jurisdiction to the Courts of the United States, does not take away the power possessed by other Courts.  The State Courts have concurrent jurisdiction, in all cases where they had jurisdiction before the establishment of the Constitution of the United States, unless taken away by the Constitution of this or the United States ; in all cases, for the recovery of the debts, the State Courts would have had jurisdiction had no United States been erected ; the ordinary jurisdiction of the State Courts extend to this case ; that jurisdiction is not taken away by the Constitution of the United States ; Congress, by the Act of March 3, 1815, by repealing so much of the Act of September 24, 1784, as relates to this case, gave the State Courts a right to take cognizance of the same, and the United States may have their election in which Court to bring their action ; suits of this nature have been frequently brought in the State Courts, and in the same instances removed into the Supreme Court of the United States, and this objection never made.

There is difficulty in the trial, as the Constitution and laws of the United States are laws of this State, and our Courts are bound to take cognizance of the same.

By the Court.  All the cases from our sister States, where the Courts have decided they have no jurisdiction, are actions brought to enforce the *penal* laws of the United States—no Court has refused the aid of the laws of the State, in collecting a debt due to the United States, founded merely on *contract.*

in such a case the objections to enforcing a penal law of a different government do not exist.

*Judgment*—That the Court have jurisdiction.

*Pierpont*, for plaintiff.

*Langdon*, for defendants.